# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*
*Raymond H. Shockley, Jr., Staff Attorney*
*Jennifer R. Gorchow, Staff Attorney*

*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Lu'Shell K. Alexander\**

*\*Certified Bankruptcy Assistant*
†*Fellow, American College of Bankruptcy*

November 4, 2019

The Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

      **RE:**    **Chapter 13 Bankruptcy**
              **Case No. 17-12307 (ABA)**
              **Debtor(s) Name:  Larry L. Davis**

Dear Judge Altenburg:

      Please accept this letter in lieu of a more formal response to the Motion to Approve Loan Modification with Specialized Loan Servicing, LLC.

      Debtor comes before the Court thirty-three (33) months after his Chapter 13 Bankruptcy Petition was filed on a Motion to Approve Loan Modification. The Trustee objects to the proposed Order. The Trustee respectfully requests the Debtor be required to submit an amended proposed Order to the Judge's chambers under the Seven Day Rule to include the following language:

1. The Motion is hereby granted and the Debtor is permitted to enter into the loan modification agreement with Creditor attached as an Exhibit to the Motion (the "Agreement");
2. The Mortgage secured by real property owned by the Debtor as identified in the Agreement is hereby modified in accordance with the terms set forth in the Agreement.
3. The Chapter 13 Trustee shall suspend disbursements to Creditor pending completion of loan modification as set forth in the Agreement and all money that would otherwise be paid to Creditor, be held until the arrearage portion of the claim is amended to zero, or the claim is withdrawn, or the Trustee is notified by the Creditor that the modification was not consummated;
4. If post-petition arrears are capitalized into the loan modification, the Creditor shall file an amended post-petition claim within thirty (30) days of the date of this Order. Upon receipt of an amended post-petition claim, the Trustee may disburse the funds being reserved pursuant to this order to other creditors in accordance with provisions of the confirmed plan;
5. The Creditor shall notify the Trustee and the Debtors' attorney in the event the modification is not consummated. Any money that was held by the Trustee for the Creditor pursuant to a timely proof of claim pending completion of the modification shall then be paid to Creditor;
6. Debtors shall file an Amended Schedule J and Modified Plan within twenty (20) days of this Order, if applicable;

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Honorable Andrew B. Atlenburg, Jr.
Case No. 17-12307 (ABA)
November 4, 2019

7. Communication and/or negotiations between Debtor and mortgagees/mortgage servicers about loan modification shall not be deemed as violation of the automatic stay; and any such communication or negotiation shall not be used by either party against the other in any subsequent litigation.
8. The Debtors shall provide the Trustee with a fully executed copy of the Agreement upon completion.

As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully submitted,

*/s/ Jennifer R. Gorchow*
Jennifer R. Gorchow
Staff Attorney

JRG/jpa
cc:   John D. DiCurcio, Esquire (via CM/ECF)
      Larry L. Davis (via regular mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**